**AFFIRMED; Opinion Filed March 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00150-CV

**LARRY M. GENTILELLO, M.D., Appellant**

**V.**

**DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HOSPITAL, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 07-6167**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Larry M. Gentilello, M.D. appeals the trial court's order granting a plea to the jurisdiction filed by Dallas County Hospital District d/b/a Parkland Hospital (Parkland), in which Parkland asserted it was entitled to sovereign immunity. For the reasons set forth herein, we affirm the trial court's order.

Gentilello alleged below that he was employed by The University of Texas Southwestern Medical Center at Dallas (UTSW) and also worked at Parkland. Pursuant to a Master Services Agreement, UTSW's physicians who provided care to patients at Parkland were required to follow the policies and procedures of Parkland, including Parkland's corporate compliance policy and procedures. One of the procedures was that employees, contractors, and agents were required to report potential or suspected incidents of fraud and violations of law.

Gentilello claims that after he reported practices he believed violated Medicaid rules, regulations, statutes, and ordinances, Parkland removed him from its call schedule. Gentilello alleges Parkland and UTSW conspired to retaliate against him for reporting Medicaid violations. Gentilello filed suit.

In addition to suing Parkland, Gentilello sued The University of Texas Southwestern Health Systems a/k/a UT Southwestern Health Systems, The University of Texas Southwestern Medical Center Medical Service, Research and Development Plan, and UTSW (collectively, UT Southwestern). The allegations against Parkland and UT Southwestern are similar, and are detailed in a separate opinion that this Court issues today, *Larry M. Gentilello, M.D. v. University of Texas Southwestern Health Systems, et. al*, No. 05-13-00149-CV (*Gentilello I*). In *Gentilello I*, the Court affirmed the trial court's order granting UT Southwestern's plea to the jurisdiction because UT Southwestern did not waive its sovereign immunity by entering into a settlement agreement with Gentilello and others or through conduct that Gentilello believes was extraordinary, egregious, and inequitable.

Our conclusions in *Gentilello I* apply in this case as well. Just as we did not find a waiver of immunity as a result of the settlement agreement or by UT Southwestern's conduct in *Gentilello I*, we do not find Parkland waived its sovereign immunity by entering into the same settlement agreement with Gentilello or by its conduct. We adopt the Court's opinion in *Gentilello I* in so far as the arguments in *Gentilello I* are the same as the arguments that Gentilello is making against Parkland in this appeal. Thus, for the reasons stated in *Gentilello I*, we overrule Gentilello's second, third, and fourth issues.

The only issue that Gentilello argues in this appeal that he did not argue in *Gentilello I* is his first issue: that the trial court erred by granting Parkland's plea to the jurisdiction because even though Parkland was not Gentilello's employer, it is liable to Gentilello under the Texas

Medicaid Fraud Prevention Act (TMFPA). *See* TEX. HUM. RES. CODE § 36.115 (West Supp. 2013).[1] However, whether Parkland is liable under the terms of the TMFPA is irrelevant absent a waiver of sovereign immunity. Gentilello has not shown that the Legislature expressly waived Parkland's sovereign immunity from suit. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (plaintiff who sues State must establish State's consent to suit). In fact, as noted in *Gentilello I*, the TMFPA expressly states that sovereign immunity has not been waived. *See id*. § 36.116. We therefore do not reach whether Parkland could be liable to Gentilello under the TMFPA.

For the same reason, to the extent Gentilello's first issue presents an argument that he has standing to sue Parkland, we also need not reach the merits of that argument. Gentilello's standing is an inquiry separate from whether the Legislature expressly waived Parkland's sovereign immunity. Absent a waiver of immunity, whether Gentilello has standing to sue is not determinative of the outcome of this appeal.

We overrule Gentilello's first issue and affirm the trial court's order.

/Jim Moseley
JIM MOSELEY
JUSTICE

130150F.P05

---

[1] Gentilello's argument includes three sub-arguments: (1) Parkland is directly liable for retaliation under section 36.115 of the Human Resources Code, *see id.*, even though Parkland claims it was not Gentilello's employer; (2) the 2011 amendments to the retaliation provisions of the TMFPA ensure that the statute attaches liability to all employers who retaliate because of a person's reports or efforts to investigate Medicaid fraud, *see id.*; and (3) Parkland is liable as a co-conspirator with UTSW.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LARRY M. GENTILELLO, M.D.,
Appellant

No. 05-13-00150-CV        V.

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND
HOSPITAL, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 07-6167.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

        In accordance with this Court's opinion of this date, the order of the trial court is
**AFFIRMED**.
        It is **ORDERED** that appellee DALLAS COUNTY HOSPITAL DISTRICT D/B/A
PARKLAND HOSPITAL recover its costs of this appeal from appellant LARRY M.
GENTILELLO, M.D.

Judgment entered this 24th day of March, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE